**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **APPLIED FOOD SCIENCES, INC. and** | § | |
| **ONCOLOGY SCIENCES** | § | |
| **CORPORATION,** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. W-07-CA-359** |
| **v.** | § | |
| | § | |
| **NEW STAR 21, INC. and PIACERE** | § | |
| **INTERNATIONAL, INC.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motions to Dismiss for Lack of Personal Jurisdiction. Having reviewed the motions, responses, replies, pleadings, and applicable legal authority, the Court finds that the motions should be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

**A. Parties and Causes of Action**

On November 5, 2007, Plaintiffs Applied Food Sciences, Inc. ("AFS") and Oncology Sciences Corporation ("OSC") (collectively "Plaintiffs") filed the instant action against Defendants New Star 21, Inc. ("New Star") and Piacere International, Inc. ("Piacere") (collectively "Defendants"). AFS and OSC are each Delaware corporations with their principal places of business in Austin, Texas. New Star and Piacere are both California corporations, with New Star's principal place of business in El Monte, California and Piacere's principal place of business in Arcadia, California.

Plaintiffs' Complaint alleges multiple state and federal causes of action including trademark infringement, trade dress infringement, false designation of origin, trademark dilution, unfair competition, and patent infringement—all arising from the alleged sale by Defendants of coffee products named, packaged and marketed similarly to products sold by Plaintiffs.  New Star, on May 23, 2008, and Piacere, on May 29, 2008, each filed a Motion to Dismiss for Lack of Personal Jurisdiction.

**B. Factual Contentions**

According to Plaintiffs' allegations, AFS is the sole owner of the trademark Caffe Sanora, used in connection with ground, brewed, and whole bean coffee. OSC is a wholly-owned subsidiary of AFS.  AFS has licensed its trademark rights in Caffe Sanora to some third parties for use as a brand name for coffee products. Together, AFS and its licensees distribute Caffe Sanora products throughout the United States and beyond.  In addition to the trademark, Caffe Sanora coffee packaging has a distinctive trade dress used to identify AFS as being the source of the coffee products so packaged.  AFS is also the exclusive licensee of a United States Patent concerning a method of enhancing post-processing content of beneficial compounds in beverages naturally containing the same.

Plaintiffs further allege that Defendants have infringed upon Plaintiffs' trademark, trade dress, and patent, through the sale of various coffee products. Plaintiffs contend that Defendants operate multiple websites, and that through at

least one of those websites Defendants offer for sale Caffe Piacere and Café Sanola coffee products.

Defendants assert in their respective motions to dismiss that they are not subject to personal jurisdiction in Texas, due to their lack of any physical presence in Texas and their dearth of contacts with Texas.  Additionally, New Star claims that it does not in fact market or sell any coffee products anywhere.

Plaintiffs contend that Defendants are both subject to jurisdiction in Texas. Plaintiffs claim that New Star and Piacere are, for purposes of coffee-related sales, so intertwined as to constitute basically the same company.  Plaintiffs assert that Larry Chou and Richard Forquer are each employed by and representatives of both entities.  Defendants assert that (1) Richard Forquer is the president and CEO of Piacere, (2) Kevin Bai is the manager of New Star, and (3) Larry Chou never had the authority to act on behalf of either entity and was only briefly affiliated with both. Plaintiffs, however, claim that all three individuals appeared at a trade show in Anaheim, California in 2007 as representatives of New Star marketing Café Sanola coffee, and that Chou and Forquer actually run both companies.  Plaintiffs also claim that both entities together operate cafesanola.com, garlicandspice.com, caffepiacere.com, and cafepiacere.com.  Finally, Plaintiffs assert that those four websites combine to allow customers to (1) purchase the allegedly infringing products online, through PayPal, and (2) create online accounts to track their orders.

3

## II. RELEVANT LAW

### A. Standard of Review

Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the Court bears the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).  Where the Court rules without holding an evidentiary hearing, however, the plaintiff need not establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).  All undisputed allegations by the plaintiff, who seeks to assert personal jurisdiction over a defendant, will be accepted as true and all conflicts between the parties' allegations will be resolved in favor of the plaintiff.  *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999). However, the requirement of a *prima facie* case does not require the Court to credit conclusory allegations, even if un-controverted.  *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001).

### B. Applicable Legal Authority

A defendant is subject to the personal jurisdiction of a federal court sitting in diversity to the same extent that it would be amenable to the jurisdiction of a state court in the same forum.  *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984).  A Texas court may exercise jurisdiction over a nonresident defendant if the Texas long-arm statute authorizes the exercise of jurisdiction and the exercise of jurisdiction comports with due process. *Guardian Royal Exch. Assurance, Ltd. v.*

4

*English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. The broad language of the Texas long-arm statute permits an expansive reach, limited only by the federal constitutional requirements of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). As a result, the Court considers only whether it is consistent with federal due process for Texas courts to assert personal jurisdiction over Defendant. *Guardian Royal*, 815 S.W.2d at 226.

The Due Process Clause of the Fourteenth Amendment protects a person's liberty interest in not being subject to binding judgments of a forum with which that person has established no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945)). Under the federal constitutional test of due process, a state may assert personal jurisdiction over a non-resident defendant only if (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Rudzewicz*, 471 U.S. at 476; *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

The first prong, the minimum contacts analysis, has been refined into two types of jurisdiction—general and specific. General jurisdiction exists when the defendant's contacts with the forum state are continuous, systematic and substantial, even if the cause of action does not arise from or relate to activities conducted within

Texas. *Jackson v. FIE Corp.*, 302 F.3d 515, 530-31 (5th Cir. 2002).    Specific jurisdiction exists when the cause of action arises out of or relates to the non-resident defendant's less substantial contacts with the forum state.  *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984); *Guardian Royal*, 815 S.W.2d at 230.   For specific jurisdiction to apply, a non-resident defendant must have purposefully availed itself of the benefits and protections of the forum's laws such that it should reasonably anticipate being haled into the forum's courts. *Rudzewicz*, 471 U.S. at 474.

In the second prong of the due process test, courts generally examine fundamental fairness by looking at five factors: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.  *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987).  To prevail on this prong, the defendant must present a compelling case that the presence of some consideration would render jurisdiction unreasonable.  *See Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992) (citing *Rudzewicz*, 471 U.S. at 462).

## III. ANALYSIS

### A. General Jurisdiction

The Court begins by examining the relationship between Defendants New Star and Piacere, the state of Texas, and this litigation. Defendants are both California corporations with principal places of business in California. New Star has only four employees and approximately forty to fifty customers. New Star sold chili peppers or garlic to three customers based in Texas, and New Star's manager Kevin Bai traveled to Houston to collect payment once. Piacere has only one employee (in addition to Richard Forquer and his wife), and no representatives of Piacere have traveled to Texas in at least twenty years. Piacere did pay a third party for the use of the website cafepiacere.com, and the actual host of that website is believed by the parties to be located in Houston, Texas. Plaintiffs' factual contentions to support the exercise of personal jurisdiction do not dispute those facts, but instead rely heavily upon the asserted operation by Defendants of the various websites.

Accepting Plaintiffs' factual contentions for purposes of these motions to dismiss, the Court will assume for this analysis that both New Star and Piacere together operate all of the alleged websites. To begin, New Star and Piacere are not subject to general jurisdiction in Texas. As discussed above, general jurisdiction exists where a defendant has continuous, systematic, and substantial contacts with the forum state. Here, while it may be argued that by maintaining a website or websites Defendants are in continuous contact with the entire world, such contacts

are not in this case substantial. Plaintiffs have not pointed to any specific accesses of the websites by Texas residents, nor any particular connections to Texas apparent on the websites themselves. The additional contacts that Plaintiffs claim New Star has with Texas are also inadequate. Plaintiffs point to two sales of dried chili peppers and garlic to Texas based corporations, which were negotiated in California and delivered in California. Also, one of the websites operated by Defendants was allegedly hosted from a server in Texas. These minimal contacts are wholly insufficient to constitute the continuous, systematic and substantial contacts required for the exercise of general jurisdiction over Defendants.

## B. Specific Jurisdiction

The next question is whether specific jurisdiction may exist over Defendants in this case. Specific jurisdiction, as discussed above, exists where the cause of action arises out of a defendant's less substantial contacts with a forum state. The only possible alleged contacts of Defendants with Texas out of which Plaintiffs' causes of action arise relate to the websites whose names allegedly infringe Plaintiffs' trademarks and which offer for sale the allegedly infringing products. The maintenance of websites accessible by forum residents over the Internet may satisfy the standard of minimum contacts, depending upon the level of commercial activity that an entity conducts over the Internet. *See Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999); *Zippo Mfg. Co. v. Zippo DOT Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Penn. 1997). In *Mink*, the Fifth Circuit adopted the "sliding

8

scale" of *Zippo* in evaluating whether a nonresident defendant's Internet contacts are sufficient to subject it to the jurisdiction of the forum state.  *Mink*, 190 F.3d at 336. At one end of the scale, passive websites on which the owner merely posts information do not support a finding of minimum contacts, while at the other end websites through which an owner does business or enters into contracts with forum residents do support such a finding.  *See id.*  For websites in the middle of the scale, which allow a user to exchange information with the host computer, the exercise of jurisdiction depends upon the level of interactivity and the commercial nature of that information exchange.  *See id.*

In this case, Plaintiffs' allegations would place the websites at the more interactive end of the *Mink* scale, due to the possibility of actual sales occurring through the use of PayPal.  However, regardless of the interactivity of the websites allegedly operated by Defendants, those allegations do not subject Defendants to jurisdiction in Texas.  No allegations or evidence suggest that any of the interactivity was directed towards or accessed by anyone in Texas.  Plaintiffs have not pointed to any sales originating from the websites to persons or entities located in Texas, nor have Plaintiffs alleged any Texas-specific direction of the websites.  In both *Zippo* and *Mink*, the websites at issue had been accessed by forum residents.  In *Zippo*, the defendant corporation had conducted electronic commerce over the Internet with forum residents.  In *Mink*, the Fifth Circuit found an insufficient basis for jurisdiction where the defendant corporation's website included e-mail access, printable order

9

forms, and a toll-free phone number, because the defendant was not "doing business over the Internet or [engaging in] sufficient interactivity *with residents of the forum state*." *Mink*, 190 F.3d at 337 (emphasis added). As indicated by the Fifth Circuit in a more recent Internet-related minimum contacts analysis, the "ultimate inquiry is rooted in the limits imposed on states by the Due Process Clause . . . [i]t is fairness judged by the reasonableness of Texas exercising its power over residents of [other states]." *Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002). The nature of the Internet is such that a website is easily accessible by individuals and entities throughout the world. Here, where such websites were allegedly operated by New Star and Piacere, but where those corporations are not alleged to have conducted electronic commerce with anyone in Texas, not alleged to have directed any of their advertising or Internet activities specifically towards Texas, and not alleged to have sold any infringing products to individuals in Texas, the maintenance of personal jurisdiction over Defendants would be unreasonable. Even in the strange realm of Internet-related contacts, the standard for personal jurisdiction remains that a non-resident defendant must have purposefully availed itself of the benefits and protections of the forum's laws such that it should reasonably anticipate being haled into the forum's courts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Here, Defendants have not purposefully availed themselves of the privilege of conducting business in Texas, and cannot be subject to the jurisdiction of Texas courts.

It is not necessary to determine the second prong of the due process analysis and decide whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice, because the arguments for asserting personal jurisdiction failed to meet the first prong.

## C. Waiver of Personal Jurisdiction Defense

Plaintiffs argue that Defendants waived their defense of lack of personal jurisdiction by waiting four months between filing an answer and filing their motions to dismiss.  Defendants, however, asserted the lack of personal jurisdiction in their original answer, filed all subsequent documents subject to that affirmative defense, and filed no substantive motions other than their motions to dismiss.  This is not a case where a defendant waited until after the denial of a merit based motion to raise the defense of lack of personal jurisdiction.  The Court finds that Defendants have not waived their defense of lack of personal jurisdiction.

## D. Plaintiffs' Request for Jurisdictional Discovery

As an alternative request should the Court not accept Plaintiffs' arguments in support of exercising personal jurisdiction, Plaintiffs asked that the Court grant a period of jurisdictional discovery.  The Court may, in its discretion, grant such discovery "if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).  Here, Plaintiffs have not pointed to any particular contacts that could possibly alter the personal jurisdiction

11

analysis, and the Court is persuaded that jurisdictional discovery would not be of assistance in this case.

## IV. CONCLUSION

Defendants New Star and Piacere are small, California-based corporations with no physical presence in Texas, and minimal, if any, contacts with the state. Through the websites complained of by Plaintiffs, Defendants are not alleged to have conducted business or engaged in electronic interactivity with any residents of Texas. The alleged maintenance of those websites, accessible but not necessarily accessed from anywhere in the world and from Texas specifically, is insufficient to establish personal jurisdiction over Defendants. Therefore, due process does not permit this Court to exercise personal jurisdiction over Defendants New Star and Piacere. In light of the foregoing, it is

**ORDERED** that Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (Docket Nos. 15 and 17) are **GRANTED**.

**SIGNED** on this 23rd day of January, 2009.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE